## WALTER BROOKS *v.* MISSISSIPPI COTTON OIL CO.

MASTER AND SERVANT. *Fellow-servants. Negligence. Defective appliances. Corporations. Constitution of* 1890, *sec.* 193. *Code* 1892, ¿ 3559. *Laws* 1896, *p.* 97, *ch.* 87; *Laws* 1898, *p.* 84, *ch.* 66.

The provisions of the constitution of 1890, sec. 193, and code 1892, ¿ 3559, abolishing the common law fellow-servant rule, and the rule that knowledge of defects in the master's machinery, ways and appliances, by a servant using them, was a defense for injuries sustained because thereof, as to employes of railroad corporations, were, by laws 1896, p. 97, chap. 87 (itself amended laws 1898, p. 84, chap. 66), extended to the employes of all corporations.

FROM the circuit court of Washington county.

HON. F. A. MONTGOMERY, Judge.

Walter Brooks, the appellant, was the plaintiff in the court below; the Mississippi Cotton Oil Company, a corporation, was defendant there. The plaintiff was a servant of defendant corporation and, in December, 1897, was injured, as the evidence tended to show, by the negligence of a fellow-servant in the same common employment; and there was also evidence tending to show that the injury was caused, or contributed to, by defects in the machinery, floor, ways and appliances furnished plaintiff by defendant, of which defects it appeared the plaintiff had notice before his injury. Upon the trial of the case, an action for damages suffered, the court below gave a peremptory instruction requiring the jury to find for the defendant; a verdict having been returned in accordance therewith and judgment entered thereon for defendant, the plaintiff Brooks appealed to the supreme court.

*J. H. Wynn*, for appellant.

The appellee contended in the court below that the knowledge of the appellant of the defects in the machinery exculpated it; but, when met with the act of 1896, chapter 87, providing that "knowledge by an employe of the defective or unsafe character or condition of any machinery, ways or appliances, etc., shall not be a defense," the appellee contended that this chapter applied only to railroad corporations.    This contention is hardly worth argument.    The code section (3559) was limited to railroad employes, but the act of 1896 applies to "every employe of any corporation."    The language of the statute is plain and unambiguous, and when this is the case, as said in Sutherland on Statutory Const., p. 210, sec. 234, "a bare reading suffices; intepretation is needless."    *Koch* v. *Bridges*, 45 Miss., 259; *United States* v. *Hartwell*, 6 Wall, 296.

The act of 1896, chapter 87, makes corporations liable for injuries resulting from the negligence of a superior, or persons having the control or direction of the services of a person injured, and provides that an employe shall have the same rights and remedies as persons not employes.    This act is virtually the same as the English "fellow-servant act," an act found in many of the states; and the construction is, as said in Whittaker's Smith on Neg., 81, that the defense of a fellow-servant shall not be raised; and in McKinney on Fellow-servants, 221, note 1, it is averred that this evidently means only that the defense of common employment shall not be available for the master.

*Miller, Smith & Hirsh*, for appellee.

The appellee asked for and obtained a peremptory instruction upon the theory that § 3559 of the code, even although amended by the acts of 1896, p. 97, and by the acts of 1988, p. 84, is applicable only to employes of railroad corporations, and does not embrace any other class of employes, whose rights are left as at common law, as construed by our courts

in numerous decisions, principally railroad cases.    An examination of § 3559 of code discloses the fact that it is part of the chapter upon railroads and indubitably applied only to railroad employes, as shown by its language; in fact it is nothing more nor less than a copy of section 193 of the constitution, leaving off the last sentence in said section 193.    The act of 1896 leaves out the word "railroad" after the word "any" in the first sentence, but does not change the substance of section 3559 in any particular except to show that the legislature was still acting with reference to railroad employes, by adding the words "or for the improper loading of cars" after the word "appliances."    The act of March 1896 was passed solely for the purpose of consolidating the right of action in one person and changing the rule as it existed prior to the passage of this act.    The act of 1898 was passed for the purpose of saving suits that were pending in the courts at the time that the act of 1896 was passed, it having been held, as the members of the legislature were informed, that the effect of the passage of the act of 1896, consolidating rights of action, abated or took away the right altogether which then existed in certain suits then pending.    If the word "railroad" had been retained in the section as amended by the act of 1896–1898 there could not be the slightest doubt on earth about what was the intention of the legislature.    We submit that simply leaving out the word "railroad" out of these acts of 1896–1898, but at the same time leaving the section in the chapter on railroads, and adding further along the amendment the words "or for the improper loading of cars," is not susceptibte of being harmonized with the intent on the part of the legislature to extend the provisions of § 3559 over such a broad field as to cover and include the employes of all corporations.    "Where the law antecedently to the revision of the statutes is settled either by clear expressions in the statutes or by adjudications on them, the mere change of phraseology shall not be deemed or constructed a change of the law, unless such phraseology evi-

dently purports an intention in the legislature to work a change. Yates case, 4 Johnson, 459. *Taylor* v. *Delancy,* Caine's Cases, 150; *Douglass* v. *Howland,* 24 Wend., 524.

Woods, C. J., delivered the opinion of the court.

Section 193 of our constitution of 1890 is in these words, viz: "Every employe of any railroad corporation shall have the same rights and remedies for any injury suffered by him from the act or omission of said corporation or its employes as are allowed by law to other persons not employes, where the injury results from the negligence of a superior officer or agent, or of a person having the right to control or direct the services of the party injured, and also when the injury results from the negligence of a fellow-servant engaged in another department of labor from that of the party injured, or of a fellow-servant on another train of cars, or one engaged about a different piece of work. Knowledge by an employe injured of the defective or unsafe character or condition of any machinery, ways, or appliances, shall be no defense to an action for injury caused thereby, except as to conductors and engineers in charge of dangerous or unsafe cars, or engines voluntarily operated by them. Where death ensues from an injury to employes, the legal or personal representatives of the person injured shall have the same right and remedies as are allowed by law to such representatives of other persons. Any contract or agreement, express or implied, made by any employe to waive the benefit of this action shall be null and void; and this action shall not be construed to deprive any employe of a corporation or his legal or personal representative, of any right or remedy that he now has by the law of the land. The legislature may extend the remedies herein provided for to any other class of employes." Sec. 3559, code of 1892, is an exact copy of this constitutional provision, omitting the last sentence, thereby limiting the fellow-servant rule as thus defined to railroad corporations and their employes.

In the year 1896 (Laws 1896, chapter 87) § 3559, code of 1892, was amended by conferring upon the employes of any corporation the rights and remedies theretofore enjoyed by railroad employes only. By an act of the legislature subsequently enacted (Laws 1898, chapter 66), § 3559, code of 1892, as amended by chapter 87, Laws of 1896, these rights and remedies were preserved undisturbed to the employes of any corporation. These acts of 1896 and 1898 were plainly intended to extend the rights and remedies theretofore enjoyed by the employes of railroad corporations only to the employes of all corporations, as was provided it might be done in the last sentence of section 193 of the constitution. The language of the acts of 1896 and 1898 is plain and unambiguous, and leaves no room for construction. The employes of all corporations were placed under the wise and beneficent constitutional rule prescribed for railroad employes, and all the allegations of the plaintiff's declaration, if established by evidence to the satisfaction of the jury, would have entitled him to a verdict.

The peremptory instruction given appellee in the court below, as we are informed by counsel for it, was based upon the theory that the acts of 1896 and 1898 did not extend the fellow servant rule propounded in section 193 of the constitution, and declared in the code provision, § 3559, to employes of corporations other than railroad, and this must be true, for otherwise the court's action is inexplicable. This view was incorrect, and the instruction should not have been given, and the case should have been submitted, on all its facts, to the determination of the jury.

We forbear any comment of the evidence, as the case must be tried again on the lines indicated in the foregoing opinion.

*Reversed and remanded.*